The Honorable Sylvia Young Chairman, Pasco County Board of County Commissioners 38053 Live Oak Avenue Dade City, Florida 33523
Mr. Joe A. McClain Pasco County School Board Attorney Post Office Box 4 Dade City, Florida 33526
Dear Chairman Young and Mr. McClain:
You ask substantially the following questions:
1. Must a school board pay its proportionate share of the infrastructure costs for water and sewage facilities available for its use?
2. Must the county provide water and sewage facilities when a school board does not pay a proportionate share of the construction costs of those facilities?
In sum:
Section 235.34, Florida Statutes, allows the school board to expend funds for water and sewer infrastructure, but does not authorize the school board to require the county to provide water or sewer services from facilities that must be built in order to accommodate the educational facilities, without the board paying its share of the infrastructure construction costs. Moreover, the county has no authority to require the school board to use the facilities and pay a proportionate share of the construction costs absent the board's agreement.
This office was previously contacted by the District School Board of Pasco County regarding Pasco County's authority to require the board to pay a proportionate share of the construction costs of a water or sewer facility that is in existence at the time a public school is constructed and the board requests such services. The board also asked whether the board could require the county to connect the school facility to water or sewer facilities or whether the county could refuse service to the school.
Subsequently, Pasco County joined in the request, asking whether section 235.34(1), Florida Statutes, authorizes a school board to pay the proportionate share of the cost of water and sewer improvements necessitated by the school development. Moreover, the county asked if it could require the board to pay a proportionate share of the construction costs of pre-existing water or sewer facilities if the board requests utility service for the school. A similar question of the board's ability to require the county to connect water or sewer facilities to the school facility without the board's paying its share of construction costs was posed, as well as an additional question of the county's authority to require the board to pay for its share of transportation improvements necessitated by the new school.
In light of the interrelated nature of the questions, they have been consolidated as reflected above and will be discussed together.
School property that is used for educational purposes is exempt from taxation and special assessments.[1] There is no analogous exemption for school districts from service charges or fees for the use of utilities and services. As concluded in Attorney General Opinion 91-27, to the extent a school board uses a utility or service, charges may be imposed.
Section 235.26(1), Florida Statutes, in pertinent part, however, provides:
"(a) Except as otherwise provided in paragraph (b), all public educational and ancillary plants constructed by a district school board or a community college district board of trustees must conform to the State Uniform Building Code for Public Educational Facilities
Construction, and such plants are exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits, ordinances, road closures, and impact fees orservice availability fees. . . ."[2] (e.s.)
The phrase "Impact or service availability fees" has been defined to mean:
"A fee, tax, user charge or assessment imposed by a municipality or other governmental agency for:
(a) The privilege of connecting to a system for which there is no immediate specific requirement for a capital improvement, expansion or installation at the utility source necessitated by the connection; or
(b) An assessment imposed on board-owned property for the installation of a contiguous utility line except for that length and size of line actually needed to service the educational or ancillary plant on that site; or
(c) For an intangible service which is not clearly established at a cost."[3]
This office has stated previously that section 235.26(1), Florida Statutes, exempts all educational facilities constructed by a school board from state and local government impact fees or service availability fees.[4] Thus, no service may be refused based upon a district's failure or refusal to pay an impact fee or service availability fee. The question raised here, however, is whether a school district is responsible for its share of the cost of the infrastructure of a water or sewer facility. In addressing this question previously, this office stated that a school district's responsibility to pay for infrastructure necessary for the development of a school site is a policy issue that would need to be addressed legislatively.[5]
The Legislature has addressed expenditures that a school board is authorized to make for infrastructure in section 235.34, Florida Statutes, which provides:
"(1)(a) Subject to exemption from the assessment of fees pursuant to s. 235.26(1), school boards . . . may expend funds . . . by contract or agreement, for the placement, paving, or maintaining of any road, byway, or sidewalk if the road, byway, or sidewalk is contiguous to or runs through the property of any educational plant or for the maintenance or improvement of the property of any educational plant or of any facility on such property. Expenditures may also be made for sanitary sewer, water, stormwater, and utility improvements upon, or contiguous to, and for the installation, operation, and maintenance of traffic control and safety devices upon, or contiguous to, any existing or proposed educational plant.
(b) A board may pay its proportionate share of the cost of onsite and offsite system improvements necessitated by the educational facility development, but a board is not required to pay for or install any improvements that exceed those required to meet the onsite and offsite needs of a new public educational facility or an expanded site. Development exactions assessed against school boards or community college districts may not exceed the proportionate share of the cost of system improvements necessitated by the educational facility development and may not address existing facility or service backlogs or deficits.
* * *
(2) The provisions of any law, municipal ordinance, or county ordinance to the contrary notwithstanding, the provisions of this section regulate the levying of assessments for special benefits on school or community college districts and the directing of the payment thereof. Any municipal ordinance or county ordinance making provision to the contrary is void."
Thus, the statute recognizes the authority of a school district to expend funds by contract or agreement for roads, sanitary sewer, water, stormwater, and utility improvements, as well as for the installation, operation, and maintenance of traffic control and safety devices on or next to existing or proposed educational plants. Section 235.34(1)(b), Florida Statutes, specifically authorizes a school district to pay its proportionate share of the cost of onsite and offsite system improvements necessitated by educational facility improvements. The purpose of this section is to prevent the levy of special assessments against a school property without the agreement of the school board.[6] There is nothing in the statute's language, however, that would place the school board in the position of requiring the county to construct facilities needed by the school at no cost to the board.[7] The legislative history supporting the amendment to section 235.34(1)(b), Florida Statutes, authorizing school boards to pay for infrastructure reflects that the changes were made so that "boards may be required to pay local governments only for their proportionate share of any on-site or off-site improvements necessitated by educational facility development. . . ."[8]
Accordingly, it is my opinion that while section 235.34, Florida Statutes, allows the school board to expend funds for water and sewer infrastructure, it does not authorize the school board to require the county to provide water or sewer facilities that must be built in order to accommodate the educational facilities without the board paying its proportionate share of the infrastructure construction costs. Moreover, the county has no authority to require the school board to use the facilities and pay a proportionate share of the construction costs absent the board's agreement.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Attorney General Opinion 91-27 (1991).
[2] Section 235.26(1)(b), Fla. Stat., states:
"A district school board or community college district board of trustees may conform with local building codes and the administration of such codes when constructing ancillary plants that are not attached to educational facilities, if those plants conform to the space size requirements established in the Uniform Building Code."
[3] Former Rule 6A-2.01(45), Fla. Admin. Code, repealed 1994. The requirements for educational facilities are now set forth in the Department of Education publication entitled "State Requirements for Educational Facilities." Section 1.2(46) of the publication defines "Impact or Service Availability Fees" as:
"A fee, user charge, or assessment imposed by a municipality or other governmental entity for: the privilege of connecting to a system for which there is no immediate specific requirement for a capital improvement, expansion, or installation at the utility source necessitated by the connections; or an assessment imposed on board-owned property for the installation of a contiguous utility line; or an intangible service which does not have a clearly established cost."
[4] Attorney General Opinion 84-11 (1984).
[5] See, Inf. Op. to the Hon. William F. Andrews, dated October 20, 1997.
[6] See, City of Newberry v. School Board of Alachua County,368 So.2d 87 (Fla. 1st DCA 1979), recognizing that s. 235.34, Fla. Stat., provides that payments authorized to be made by a school board are not mandatory unless the specific improvement and its costs have been agreed to by the school board prior to its being made; language of statute that "the specific improvement and its cost have been agreed to by the school board prior to the improvements being made" is condition precedent to levy of assessments for special benefits on school districts.
[7] Cf., s. 235.34(1)(b), Fla. Stat., providing in pertinent part that "a board is not required to pay for or install any improvements that exceed those required to meet the onsite and offsite needs of a new public educational facility or an expanded site; and s. 235.34(3), Fla. Stat., stating that should a school board agree to construct or upgrade water or sewer facilities, or otherwise provide offsite infrastructure beyond its proportionate share of responsibility, the local government issuing developmental approvals must make sure that the board is reimbursed for additional costs incurred, to the extent other development demands use of the infrastructure.
[8] See, House of Representatives as further revised by the Committee on Appropriations Bill Analysis Economic Impact Statement, CS/HB 1797, April 26, 1995.